IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRO GREEN | : | CIVIL ACTION |
| v. | : | |
| JOSEPH NISH, et al. | : | NO. 06-2210 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER  June 29, 2006
United States Magistrate Judge

      Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, this court recommends that the petition be dismissed, without prejudice, for failure to exhaust state court remedies.

**I.    BACKGROUND**

      In June, 2001, a jury, sitting in the Court of Common Pleas for Philadelphia County, found petitioner guilty of possession of controlled substances with intent to deliver and criminal conspiracy relative to a drug transaction that occurred on September 8, 2001. The next day, petitioner pled guilty under a negotiated plea agreement with the prosecutor to possession of controlled substances with intent to deliver them relative to a drug sale that occurred on September 21, 2000. On August 15, 2001, the court sentenced petitioner to an aggregate sentence of twenty to forty years.

      Petitioner did not file an appeal with the Superior Court of Pennsylvania. However, about one year later, petitioner sought relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq., asserting that counsel was ineffective for failing to file a requested direct appeal. The PCRA court agreed and restored petitioner's right to file a direct appeal. Petitioner raised the following grounds on appeal:

    1.    Should the matter be remanded in order to compel a transcript of the sentencing to be produced?

    2.    Was the sentence excessive so as to be an abuse of discretion on the part of the lower court?

    3.    Did the lower court usurp the function of the jury in sentencing the Appellant to a sentence in the aggravated range of the sentencing guidelines?

Commonwealth v. Green, No. 2548 EDA 2003, slip op. at 4 (Pa. Super. Ct. Feb. 28, 2005).

On appeal to the Superior Court of Pennsylvania, the court affirmed petitioner's convictions and sentence. Commonwealth v. Green, 875 A.2d 386 (Pa. Super. Ct. Feb. 28, 2005) (Table). The Pennsylvania Supreme Court denied petitioner's request for review. Commonwealth v. Green, 882 A.2d 1005 (Pa. 2005) (Table). Petitioner did not petition the United States Supreme Court for a writ of certiorari.

On May 25, 2006, petitioner filed his petition for a writ of habeas corpus. He alleged six grounds for relief:

    1.    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

    2.    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

    3.    Denial of right of appeal.

    4.    Denial of effective assistance of counsel because counsel failed to file an appeal.

    5.    Conviction obtained by a plea of guilty which was unlawfully induced and not made voluntarily.

    6.    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(Petition ¶ 12.)

On June 21, 2006, the District Attorney for Philadelphia County filed a Response arguing that the petition be dismissed because petitioner has not exhausted his state court remedies.

## II.  DISCUSSION

It is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999).[1]  "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights."  Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), cert. denied, 504 U.S. 944 (1992).  To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).  See also Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.").  Petitioner must show that "the claim brought in

---

[1] On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218 that declares that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement.  The Third Circuit has recognized the validity of this order and no longer requires that a petition for allocatur be filed in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement.  Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004), cert. denied, 540 U.S. 1063 (2005).

federal court [is] the substantial equivalent of that presented to the state courts. Both the legal theory and the facts supporting a federal claim must have been submitted to the state courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989) (citations omitted), cert. denied, 493 U.S. 1036 (1990).

      Here, all but one of the six issues raised by petitioner in his petition for a writ of habeas corpus have been unexhausted in the state courts. Petitioner raised his fourth claim in the state court, alleging ineffective assistance of counsel in failing to file a direct appeal in the state court. However, that issue is now moot because, as noted earlier, the state court restored his right to take a direct appeal after concluding that attorney ineffectiveness prevented petitioner from filing a notice of appeal. As noted by the District Attorney, petitioner may raise his five unexhausted claims in a second PCRA petition and petitioner has until approximately December 9, 2006 to file that petition in state court. See Response at 5.

      Accordingly, for all of the above reasons, the court respectfully makes the following:

## **R E C O M M E N D A T I O N**

      AND NOW, this 29th day of June, 2006, it is respectfully recommended that the petition for a writ of habeas corpus be **DISMISSED**, without prejudice, and that no certificate of

appealability ("COA") be granted.[2]

                              BY THE COURT:

                              \s\ Thomas J. Rueter
                              THOMAS J. RUETER
                              United States Magistrate Judge

---

[2] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).